*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1366**

Frank James Bammert, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 2, 2015
Affirmed
Ross, Judge**

Stearns County District Court
File No. 73-CR-10-9016

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa Sheridan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Jailers carted Frank Bammert to court in a wheelchair and shackles after he refused to attend the third day of his assault and firearm criminal trial. Bammert

attempted to discharge his attorney as soon as he entered the courtroom. The district court refused to accept the attorney's withdrawal. Bammert later filed an unsuccessful postconviction petition alleging that his right to self-representation had been violated. Because we conclude that Bammert never made a clear, unequivocal request to represent himself, we affirm.

## FACTS

Frank Bammert fired a gun at St. Cloud police during an incident at his apartment. Bammert pleaded not guilty to two charges of first-degree assault and one charge of being an ineligible person possessing a firearm. The district court held a five-day jury trial in 2012.

Bammert refused to attend court on the third day of his trial. The district court ordered jail staff to bring Bammert to the courtroom anyway—in shackles and a wheelchair if necessary. Jail staff had to shock Bammert with a Taser device to restrain him and wheel him into the courtroom. When they brought him in, Bammert immediately told his attorney, "You're fired."

The district court attempted to explain to Bammert that it would have to accept his attorney's withdrawal before Bammert could proceed without him:

> THE COURT: So you don't want to be in trial?
> THE DEFENDANT: Nope.
> THE COURT: [Your attorney] would continue to be here representing you in your absence; you understand that?
> THE DEFENDANT: Not if I fire him. He can't be here.
> THE COURT: But the court would have to accept his withdrawal as counsel in this matter.
> THE DEFENDANT: Well, then if he's here I'm not, so just keep tasing me. I don't give a s - - t.

2

At that point, the prosecutor suggested that Bammert may want to represent himself, which prompted the district court to highlight Bammert's apparently conflicting requests. The court explained, "Mr. Bammert, you seem to be asking of this court two separate things. One, you don't want to be at trial, but, two, you want to represent yourself." Bammert did not respond directly to the district court's exposition. Instead, he replied that he was "waiving all [his] rights." The district court then asked Bammert if he knew how to make a criminal defense, and Bammert responded that he would "just ask them a question."

The district court determined that it would not allow Bammert to proceed pro se after it made "the finding that he could not do so adequately." The court also made a record of the fact that Bammert had waived his right to attend his trial. It noted that Bammert's combative conduct made it likely that he would "obstruct the trial process" and be "disruptive in the presence of [the] jury." The district court therefore relied on Bammert's counsel to marshal Bammert's defense, and it held the trial in Bammert's absence. The jury found him guilty of two counts of first-degree assault, two lesser-included counts of second-degree assault, and one count of being an ineligible person possessing a firearm.

Bammert filed a motion for postconviction relief in April 2014. He argued that the district court had violated his right to self-representation by refusing to accept his attorney's withdrawal. The postconviction court denied relief because it found that Bammert never made a clear, unequivocal request to represent himself. And even if he

3

had, the court found that the request was properly denied due to "the potential for disruption and delay based on the defendant's behaviors." Bammert appeals.

**D E C I S I O N**

Criminal defendants have a constitutional right to the assistance of counsel. U.S. Const. amend. VI; Minn. Const. art. I, § 6. This right implies the right to represent oneself personally. *Faretta v. California*, 422 U.S. 806, 819–20, 95 S. Ct. 2525, 2533 (1975); *see also State v. Richards*, 456 N.W.2d 260, 263 (Minn. 1990). The district court should grant a defendant's request to represent himself if the request is clear, unequivocal, and timely and if the defendant knowingly and intelligently waives his right to counsel. *State v. Christian*, 657 N.W.2d 186, 191 (Minn. 2003). But the right to self-representation is unqualified only until trial begins: "[M]otions made after the beginning of trial are addressed to the discretion of the district court to balance the defendant's right of self-representation against the potential for disruption and delay." *Id*. at 193–94.

Bammert argues that the postconviction court erred by finding that he did not make a clear, unequivocal request to represent himself. A postconviction court's factual findings are reviewed for clear error. *Dobbins v. State*, 788 N.W.2d 719, 725 (Minn. 2010). Bammert contends that the postconviction court clearly erred because he repeatedly said that he was firing his lawyer, that he did not want his lawyer present, and that he did not want to attend trial if his lawyer was present. But Bammert's ambiguous and conflicting trial statements could carry a different meaning. They could be reasonably interpreted to mean that Bammert did not want to be represented by his then-attorney (and that Bammert would not attend trial if the attorney was going to represent

4

him) and that Bammert wanted to replace him with a different attorney. Bammert never expressly declared that he wanted to represent himself, even after the court inquired. His statements and actions do not clearly establish which of two (or more) plausible outcomes he was seeking. The ambiguity in his request informs us that the request was equivocal. *See State v. Blom*, 682 N.W.2d 578, 613–14 (Minn. 2004) (noting that the defendant had not made a clear, unequivocal request to represent himself even though he said that he did not want to proceed with his extant attorney). Adding to the ambiguity, Bammert claimed that he was "waiving *all* [his] rights" in response to the district court's pointing out that he appeared to be asking both to not attend trial and to represent himself. Given its context, this express "waiver" could reasonably be interpreted to include Bammert's right to self-representation. For these reasons, the postconviction court did not clearly err by finding that Bammert never unequivocally requested to represent himself.

Because Bammert's supposed request for self-representation was at best equivocal, we need not address his argument that the district court's alternative rationales—that Bammert was incompetent to represent himself and would disrupt the trial process—are erroneous.

**Affirmed.**